**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**PRETIA ROZIER,
JENNIFER ROZIER,**

       **Plaintiffs,**

**vs.**                                                         **Case No. 4:16cv454-RH/CAS**

**BETTY DAVIS, et al.,**

       **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiffs, proceeding pro se and in forma pauperis, filed a second amended complaint, ECF No. 7.  That document has now been reviewed. Plaintiffs named five persons as Defendants in this civil rights case, but none of the five persons are alleged to have taken action "under color of state law."

To state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States."  Emory v. Peeler, 756 F.2d 1547, 1554 (11th

Cir. 1985).  Plaintiffs have not shown that any Defendant deprived them of a right secured under the Constitution or federal law, nor have Plaintiffs shown that any Defendant acted "under color of state law."  Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998) (quoted in Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)).  These Defendants are private persons[1] and there are no facts alleged which demonstrate a basis for considering them to be state actors.  Although Plaintiffs alleged that the police were called to the Casa Calderon Apartments and made a "botched police report," that does not demonstrate a constitutional violation.  Any suggestion that one of the private parties was acting as a state actor because of a "symbiotic relationship" with the police must fail because "the symbiotic relationship must involve the alleged constitutional violation."  Nat'l Broad. Co., 860 F.2d at 1027 (11th Cir. 1988).  Here, there are no allegations which demonstrate a constitutional violation at all.  Attachments

---

[1] A private person may be considered a state actor if (1) the state "coerced or at least significantly encouraged" the allegedly unconstitutional action ("State compulsion test"); (2) the private party performed an act traditionally performed by a state official ("public function test"), or (3) the State was a joint participant in the act ("nexus/joint action test").  Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (citing Nat'l Broad. Co. v. Commc'ns Workers of Am., AFL-CIO, 860 F.2d 1022, 1026-27 (11th Cir. 1988)).  A private party may also be considered a state actor if he conspired with state officials to commit the alleged constitutional violation.  Dennis v. Sparks, 449 U.S. 24, 27-28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980).  There are no allegations of such a conspiracy and, as written, the second amended complaint is insufficient to present a viable claim under § 1983.

to the second amended complaint indicate the police were called to the Apartments because Plaintiffs were creating a disturbance.  ECF No. 7 at 21.  Plaintiffs were directed to leave and given a trespass warning. Plaintiffs left without further incident and suffered no harm.  They were not arrested nor detained.  A verbal altercation with private citizens does not provide a basis for a civil rights complaint.

At the end of the complaint, Plaintiffs make an assertion that the Fair Housing Act prohibits discrimination.  The complaint, however, presents no allegations demonstrating either Plaintiff suffered discrimination.  This case should be dismissed for failing to state a claim.

It is respectfully **RECOMMENDED** that the second amended complaint, ECF No. 6, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on October 13, 2016.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.